1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                      FOR THE DISTRICT OF OREGON

11                         PORTLAND DIVISION

12

13   JUDY ANN PLACENCIA,               )
                                        )
14                    Plaintiff,        )
                                        )
15        v.                            )
                                        )
16   WORLD SAVINGS BANK, FSB, a/k/a     )
     WELLS FARGO BANK, N.A., a/k/a      )    No.  CV-10-1130-HU
17   WACHOVIA MORTGAGE, A DIVISION      )
     OF WELLS FARGO BANK, N.A.,         )
18   f/k/a WACHOVIA MORTGAGE, FSB,      )
     f/k/a WORLD SAVINGS BANK FSB       )
19   Wells Fargo Bank is of             )
     Address:  Office of the Chief      )
20   Financial Officer Attn:            )
     Howard Atkins, NFO (or             )    FINDINGS & RECOMMENDATION
21   successor) 420 Montgomery          )
     Street, 12th Floor, San            )
22   Francisco, CA 94101                )
                                        )
23                    Defendant.        )
     _____)
24
     Judy Ann Placencia
25   32620 S.W. Lake Point Court
     P.O. Box 4187
26   Wilsonville, Oregon 97070
27        Plaintiff Pro Se
28   / / /

1 - FINDINGS & RECOMMENDATION

1  Pilar C. French
   Julie M. Engbloom
2  LANE POWELL PC
   601 S.W. Second Avenue, Suite 2100
3  Portland, Oregon 97204-3158

4      Attorneys for Defendant

5  HUBEL, Magistrate Judge:

6      Pro se plaintiff Judy Ann Placencia brings this action against

7  defendant World Savings Bank, now Wells Fargo Bank, challenging the

8  non-judicial foreclosure of real property.  Defendant removed the

9  action to this Court from Clackamas County Circuit Court on the

10 basis of diversity jurisdiction.

11     Plaintiff moves to remand the action back to Clackamas County

12 Circuit Court.[1]  I recommend that the motion to remand be denied.

13                          BACKGROUND

14     Plaintiff filed the action in state court on August 17, 2010.

15 Exh. 1 to Notice of Removal; Exh. 1 to Engbloom Declr. in Sup. of

16 Deft's Opp. to Remand Mtn (copy of civil docket sheet for state

17 court case, printed from CourtTrax website).  According to

18 plaintiff, she mailed a copy of her Complaint to Wells Fargo Bank's

19 Chief Financial Officer Howard Atkins, in San Francisco, on August

20 17, 2010.  Exh. B to Pltf's Affid. in Sup. of Mtn to Remand at p.

21 2.  (Express Mail receipt showing "Date Accepted" as August 17,

22 2010).  The Certificate of Service submitted by plaintiff suggests

23 that she mailed the Complaint on August 18, 2010, by United States

24

25     [1] Defendant filed a motion to dismiss the case on September
   24, 2010.  Rather than filing a substantive response to that
26 motion, plaintiff filed this motion to remand.  I determine that
   the proper course is to resolve the motion to remand first, then
27 allow plaintiff additional time to file a response to the motion
   to dismiss, followed by defendant's reply.  This will be
28 addressed in a separate scheduling order.

2 - FINDINGS & RECOMMENDATION

1   Express Mail, and that another copy of the Complaint was sent by
2   first class return receipt requested Certified Mail.  Id. at p. 1.
3   (Certificate of Service with date August 18, 2010, appearing in
4   blue).

5       Curiously, the copy of this Certificate of Service that Wells
6   Fargo received bears no sent date, in contrast to the copy
7   plaintiff submits in support of her motion which contains a
8   separate, additional signature next to an August 18, 2010 date,
9   both of which are in blue ink, a different color than the first
10  signature which is in black.  Compare Exh. 3 to Engbloom Declr. at
11  p. 1 with Exh. B to Pltf's Affid.  The two documents also vary in
12  that the first page of plaintiff's copy of the Certificate of
13  Service has a "Clackamas County Court" date-stamp, indicating
14  "Received August 18, 2010," while the copy received by Wells Fargo
15  and submitted in opposition to the motion to remand does not.
16  Compare Exh. 3 to Engbloom Declr. at p. 1 with Exh. B to Pltf's
17  Affid.

18      At oral argument, plaintiff explained that she mailed the
19  Certificate of Service appearing at page 1 of her Exhibit B on
20  August 17, 2010, but, when she went to file it with Clackamas
21  County on August 18, 2010, she was told she needed an "original,"
22  and she had only the copy of the undated document she had mailed,
23  and had signed in black ink, on August 17, 2010.  Thus, she re-
24  signed, in blue ink, the copy she had with her, dated it August 18,
25  2010, and tendered it to Clackamas County.  However, the Clackamas
26  County Circuit Court docket sheet shows no entry of any documents
27  being filed or received on August 18, 2010, indicating that that
28  Court did not enter this Certificate of Service on its docket.

3 - FINDINGS & RECOMMENDATION

1  Exh. 1 to Engbloom Declr.

2      The Certificate of Service at issue bears an Express Mail

3  tracking number of EH558905525US, and a Certified Mail tracking

4  number of 7009 3410 0000 9700 6354. Exh. B to Pltf's Affid. at p.

5  1. However, the postal service documents plaintiff submits on page

6  2 of her Exhibit B confirm only that something was sent to Atkins

7  via Express Mail, with no return receipt requested. <u>Id.</u> at p. 2.

8  The documents do not show a mailing done by Certified Mail. <u>Id.</u>

9      According to defendant, when the "Article Number" matching the

10 Express Mail tracking number recited by plaintiff in her

11 Certificate of Service, and shown on the postal service document on

12 page 2 of plaintiff's Exhibit B, is entered into the postal

13 service's tracking system on the postal service's website, it shows

14 that this Express Mail was delivered to Wells Fargo in San

15 Francisco on August 19, 2010. Karen Pettinger Declr. at ¶ 5; Exh.

16 2 to Pettinger Declr.

17     Plaintiff insists that defendant received the mailing on

18 August 18, 2010. In support, plaintiff relies on a document she

19 brought with her to oral argument, and subsequently submitted as

20 part of the record. Pltf's Nov. 29, 2010 Affid. of Evid [dkt #23].

21 Exhibit A to Plaintiff's November 29, 2010 Affidavit of Evidence is

22 a "track & confirm" sheet from the United States Postal Service

23 showing that the Express Mail package plaintiff mailed in Portland

24 on apparently August 17, 2010, arrived in San Francisco on August

25 18, 2010, with "notice left" on August 18, 2010 at 9:49 a.m., and

26 again at 10:55 a.m., and with delivery occurring on August 19,

27 2010, at 10:43 a.m. Exh. A to Pltf's Nov. 29, 2010 Affid. of Evid.

28     According to the Declaration of Kim Wu, Manager of the Office

4 - FINDINGS & RECOMMENDATION

of Consumer Affairs for the United States Postal Service in San
Francisco, the tracking information on the "track & confirm" sheet
shows that the package was mailed with an incorrect destination zip
code of 94101.  Wu Declr. at ¶ 3; Exh. 1 to Wu Declr; <u>see</u> <u>also</u> Exh.
B to Pltf's Affid. at p. 2 (showing zip code of addressee as
94101).  According to Wu, the correct zip code was 94104.  Wu
Declr. at ¶ 3; Exh. 1 to Wu Declr; <u>see</u> <u>also</u> Pltf's Exh. B at p. 2
(showing return receipt received by plaintiff with zip code of
94101 crossed out and 94104 written instead); Exh. A to Pltf's Nov.
29, 2010 Affid of Evid. (showing item logged as "missent" on August
18, 2010, at 7:38 a.m.).  Wu explains that a notice was left for
the recipient of the package that a package was available for pick
up at 10:55 a.m. on August 18, 2010, and the package was picked up
by the recipient at 10:43 a.m. on August 19, 2010.  <u>Id.</u>

Another exhibit submitted by plaintiff shows that something
bearing an "Article Number" matching the Certified Mail tracking
number noted in plaintiff's Certificate of Service, was delivered
to Atkins's office in San Francisco on August 20, 2010.  Exh. D to
Pltf's Affid.  The exhibit shows the item was sent certified Mail.
<u>Id.</u>

Finally, an additional Certificate of Service signed by
plaintiff states that she delivered a copy of the Complaint to
someone named Natali Basargin at a branch office of defendant's in
Wilsonville, Oregon.  Exh. C to Pltf's Affid. in Sup. of Mtn to
Remand; Exh. 4 to Engbloom Declr.  It is signed by Janet Majhor and
is dated August 19, 2010.  <u>Id.</u>  It contains a notary stamp.  <u>Id.</u>

On August 27, 2010, plaintiff filed this Certificate of
Service in Clackamas County Circuit Court.  Exh. 4 to Engbloom
5 - FINDINGS & RECOMMENDATION

1  Declr.   Based on this filing, the state court case docket shows
2  that Wells Fargo was served on August 19, 2010.  Exh. 1 to Engbloom
3  Declr. at p. 2.

4       On  September  1,  2010,  Wells  Fargo's  registered  agent,
5  Corporation Service Company, provided Wells Fargo with Notice of
6  Service  of  Process.    Exh. 5 to Engbloom Declr.   The notice
7  indicates that plaintiff served a summons and complaint on CSC on
8  August 31, 2010.  Id.

9       Defendant removed the case from Clackamas County Circuit Court
10 on September 20, 2010.  On that date, defendant sent a "Notice to
11 Adverse Party of Removal," along with attendant removal documents,
12 to plaintiff at the following address:   32620 S.W. Lake Point
13 Court, Wilsonville, Oregon 97070.  Pettinger Declr. at ¶ 2.

14      Only one of the two certificates of service submitted by
15 plaintiff as exhibits in support of her motion to remand, bears an
16 address for plaintiff.  Exh. B to Pltf's Affid. at p. 1.   The
17 address shown is 32620 SW Lake Point Court, Wilsonville, Oregon
18 97070.  Id.  The summons issued to defendant contains the same
19 street address, but also lists "P.O. Box 4187" as part of the
20 address.  Exh. 3 to Engbloom Declr. at p. 1.  On the first page of
21 the Complaint filed in state court, plaintiff's name and address
22 appear in the upper left corner with the address bearing both the
23 street address and the post office box.  Id. at p. 4.  But, the
24 signature block at the end of the Complaint, contains only the
25 street address.  Id. at p. 16.

26      On or about September 30, 2010, the postal service returned
27 defendant's removal papers to defendant's counsel's office as
28 "undeliverable."  Pettinger Declr. at ¶ 3.  Affixed to the front
   6 - FINDINGS & RECOMMENDATION

cover of the envelope was a sticker placed by the postal service
which indicated "Forward Time Exp. Rtn. to Send." Id. at ¶ 3; Exh.
2 to Pettinger Declr.  On or about September 30, 2010, defendant
re-sent the Notice and removal papers to plaintiff at the following
address:  32620 S.W. Lake Point Court, P.O. Box 4187, Wilsonville,
Oregon 97070.  Id. at ¶ 4.  This mailing has not been returned to
defendant's counsel.  Id.

STANDARDS

Generally, "any civil action brought in a State court of which
the  district  courts  of  the  United  States  have  original
jurisdiction, may be removed by the defendant or the defendants, to
the  district  court  of  the  United  States  for  the  district  and
division embracing the place where such action is pending."  28
U.S.C. § 1441(a); Matheson v. Progressive Speciality Ins. Co., 319
F.3d 1089, 1090 (9th Cir. 2003) ("Any civil action may be removed
to federal district court so long as original jurisdiction would
lie in the court to which the case is removed").

"The burden of establishing federal jurisdiction is on the
party seeking removal, and the removal statute is strictly
construed against removal jurisdiction."  Prize Frize, Inc. v.
Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999), overruled
on other grounds, Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676
(9th Cir. 2006).

Remand is governed by 28 U.S.C. § 1447(c) which provides, in
pertinent part, that

> [a] motion to remand the case on the basis of any defect
> other than lack of subject matter jurisdiction must be
> made within 30 days after the filing of the notice of
> removal under section 1446(a).  If at any time before
> final judgment it appears that the district court lacks

7 - FINDINGS & RECOMMENDATION

> subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

The defendant has the burden of showing that it has complied with the procedural requirements for removal.  Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D. Ariz. 1996), overruled on other grounds, Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

DISCUSSION

I.  Timing of Removal

Plaintiff first argues that the case must be remanded to state court because defendant did not remove the case within the allowed thirty days.  I disagree.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The thirty-day period is triggered by either the simultaneous service of the summons and complaint or the receipt of the complaint at some point after service of the summons.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 354 (1999).  The removal clock does not start until a defendant receives formal service of the summons and complaint.  Id. at 354.

Defendant makes a persuasive argument that plaintiff's attempted Express Mail service is invalid.  Under the applicable

8 - FINDINGS & RECOMMENDATION

rules for service of a summons and complaint on a corporation, primary service is effected by personal or office service on a registered agent, officer, or director of the corporation, or by personal service upon any clerk on duty in the office of a registered agent. Or. R. Civ. P. 7D(3)(b)(i).  While Atkins appears to be an officer of the corporation, mailing the complaint and summons to him was neither personal service, nor office service as prescribed in the relevant rules.  Or. R. Civ. P. 7D(2)(a), 7D(2)(c).

Alternatively, if a registered agent, officer, or director cannot be found in the county where the action is filed, true copies of the summons and complaint may be served by (1) substituted service upon such registered agent, officer, or director, or (2) personal service on any clerk or agent of the corporation who may be found in the county where the action is filed, or (3) mailing in the specified manner.  Or. R. Civ. P. 7D(3)(b)(ii).  Plaintiff's Express Mail package to Atkins was not substituted service or personal service.  Id.

The mailing rules in Rule 7D(3)(b)(ii)(C) allow service on the corporation by mailing true copies of the summons and complaint, in the manner specified by separate rule, "to the office of the registered agent or to the last registered office of the corporation, if any, as shown by the records on file in the office of the Secretary of State," or, if the corporation is not authorized to transact business in the state at the relevant time, mailing may be to the principal office or place of business of the corporation.  Or. R. Civ. P. 7D(3)(b)(ii)(C).  For either of these options, the plaintiff is also required to send the complaint and

9 - FINDINGS & RECOMMENDATION

summons to "any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice[.]" Id. Finally, service may also be made upon the Secretary of State in the specified manner.  Or. R. Civ. P. 7D(3)(b)(ii)(D).

Assuming plaintiff mailed the summons and Complaint to Atkins on August 17, 2010, plaintiff's Express Mail service on Atkins in the manner effected does not comply with Rule 7D(3)(b)(ii)(C). There is no suggestion that defendant was not authorized to transact business in Oregon at the time of the events upon which plaintiff's action is based.  Thus, under the rule, plaintiff was required to serve the office of the registered agent or the office of the last registered agent as shown in the Secretary of State's records, as well as send a copy to "any address the use of which the plaintiff knows or has reason to believe is most to result in actual notice[.]"

Plaintiff may have mailed the summons and Complaint to "any address the use of which" she knew or had reason to believe would result in actual notice, but, she failed to also send the summons and Complaint to defendant's registered agent or the last registered agent shown in the Secretary of State's records.  Thus, regardless of when the summons and Complaint were mailed or received, service via the Express Mail package to Atkins is invalid.  Thus, while the record indicates that defendant received the package plaintiff mailed on August 19, 2010, even if service is deemed complete on August 18, 2010, as insisted by plaintiff, it

1    was invalid under the applicable rules.[2]

2        Defendant concedes that the service on August 19, 2010, of the

3    summons and complaint to one of its branches, was valid.  Or. R.

4    Civ. P. 7D(3)(b)(ii)(B).   Thirty days from August 19, 2010, is

5    September 18, 2010, a Saturday, making the deadline for removal

6    Monday, September 20, 2010.  Fed. R. Civ. P. 6(a)(1)(C) (if the

7    last day of a specified time period is a Saturday, Sunday, or legal

8    holiday, time period is extended to the next Monday).  The case was

9    removed and filed in this Court on September 20, 2010, within the

10   thirty days allowed by section 1446(b).  Plaintiff's motion to

11   remand based on an alleged untimely removal, should be denied.

12   II.  Notice to Plaintiff

13       Alternatively, plaintiff argues that the removal was invalid

14   because defendant failed to obtain the consent of all adverse

15

16       [2]  Notably, even if the Express Mail service was otherwise
     effective, the applicable rule provides that for the purposes of
17   computing deadlines when serving by mail, service is considered
     complete
18

19       on the day the defendant . . . signs a receipt for the
         mailing, or three days after the mailing if mailed to
20       an address within the state, or seven days after the
         mailing if mailed to an address outside the state,
21       whichever comes first.

22   Or. R. Civ. P. 7D(2)(d)(ii).  Although the package was received
23   in San Francisco on August 18, 2010, as indicated above, the
     tracking record for the Express Mail package plaintiff sent to
24   Wells Fargo in San Francisco, shows that defendant received the
     package on August 19, 2010.  Pettinger Declr. at ¶ 5; Exh. 2 to
25   Pettinger Declr.; Exh. A to Pltf's Nov. 29, 2010 Affid. of Evid.;
     Wu Declr. at ¶ 3; Exh. 1 to Wu Declr.  Thus, even if the Express
26   Mail service complied with the service requirements and is
     otherwise deemed valid, it was not effective until August 19,
27   2010.

28

     11 - FINDINGS & RECOMMENDATION

parties.  Under 28 U.S.C. § 1446(d), a defendant who has removed an
action from state court to federal court must "promptly" after the
filing of the Notice of Removal required under section 1446(a),
give written notice to all adverse parties and shall file a copy of
the notice with the clerk of the state court.  28 U.S.C. § 1446(d).
Plaintiff states that because she was never served with the Notice
of Removal, defendant's removal of this action is invalid.[3]

This Court maintains an electronic docketing system referred
to as "CM/ECF." Local Rule 100-4 requires lawyers admitted to the
bar of this Court to be registered users of the CM/ECF system, and
to maintain a current CM/ECF email account sufficient to receive
service of electronic filings and court notices.

Although CM/ECF requires many court documents to be filed
electronically, initiating case papers must be filed
conventionally.  L.R. 100-5.[4]  The docket entry for the Notice of
Removal shows that the papers were conventionally filed because the
entry bears the initials "mkk" which are those of one of the
Court's Docket Clerks.  Court filings electronically filed by
counsel bear the filer's name in parentheses at the end of the
docket entry.

Because the initiating case papers, e.g. the Notice of Removal
and its supporting documents, were conventionally filed, defense

---

[3]  To the extent plaintiff's argument is premised on
defendant having obtained the "consent" of the adverse parties to
the removal, the argument is not supported by the plain language
of the statute.  As indicated, the statute requires "prompt
notice" to the adverse parties, but not their consent.

[4]  Moreover, as a non-attorney pro se party, plaintiff is
exempt from the rule requiring electronic filing of documents.

12 - FINDINGS & RECOMMENDATION

counsel was required to perfect conventional service in any manner permitted by the Federal Rules of Civil Procedure. L.R. 100-8(b). Under Rule 5(b)(2)(C), governing service of pleadings and papers other than the Complaint, mailing to the person's last known address is sufficient.

Defendant's Certificate of Service appended to the Notice of Removal indicates that on September 20, 2010, defendant mailed, via first class mail, a copy of the Notice of Removal to plaintiff at her street address of 32620 S.W. Lake Point Court in Wilsonville. Notice of Removal (dkt #1) at p. 4. As recited above, this is the address plaintiff used in the Express Mail Certificate of Service and in the signature block of her Complaint. Although the summons and the caption of the Complaint also listed a post office box, that was in addition to this same street address.

Here, unbeknownst to defendant, the postal service's ability to forward mail sent to the street address had expired and thus, the mail was returned to defendant's counsel. The record shows that defendant promptly re-sent the materials, within ten days of the original mailing and on the very day it received the undeliverable mail. This time, defendant included the post office box with the street address. The second mailing has not been returned as undeliverable.[5]

---

[5]    I note that this Court made the same error. The October 4, 2010 scheduling order setting oral argument on defendant's motion to dismiss, was sent, by the Court, to plaintiff at her street address (dkt #8 showing returned mail). It was returned as undeliverable with the same comment that the time for forwarding had expired. Id. A non-public docketed staff note shows that the Court re-sent the scheduling order to plaintiff's post office box on October 13, 2010.

13 - FINDINGS & RECOMMENDATION

1    In a 2007 case discussing a similar issue, I explained the
2    relevant law as follows:

3        The parties cite no relevant Ninth Circuit cases and
     I have found none. Recent cases suggest that the court
4    should examine whether defendants made a good faith
     effort to give notice and whether the plaintiff suffered
5    prejudice as a result of a failure of notice. For
     example, in Titan Finishes Corp. v. Spectrum Sales Group,
6    452 F. Supp. 2d 692 (E.D. Mich. 2006), the court found
     that the defendant complied with section 1446(d) when it
7    filed its notice of removal on May 19, 2006, sent
     plaintiff's counsel an email and voice mail on May 22,
8    2006, and when plaintiff received written notice on May
     23, 2006. Id. at 695-96.
9
         The Titan court cited favorably from an earlier
10   Eastern District of Michigan case which denied the
     plaintiff's motion to remand where the plaintiff received
11   oral notice 10 calendar days after the filing of the
     notice of removal and written notice within 13 calendar
12   days. Id. (citing Alpena Power Co. v. Utility Workers
     Un. of Am., Local 286, 674 F. Supp. 1286 (E.D. Mich.
13   1987)).

14       In a 2006 Ohio case, the court denied a motion to
     remand when the defendants had mailed the notice of
15   removal to the plaintiff's attorney at the address listed
     in the summons, which was different than the address
16   listed in the complaint. Alston v. Sofa Express, Inc.,
     No. 2:06-cv-491, 2006 WL 3331685 (S.D. Ohio 2006). The
17   court rejected the plaintiff's argument for a strict
     reading of the statute and instead followed authority
18   recognizing that when there is a good faith effort to
     give notice and when the plaintiff suffers no prejudice
19   as a result of the failure to give notice, the
     requirements of section 1446(d) are met. Id. at *2.
20
         The court concluded that the defendants had made a
21   good faith effort to provide notice because although a
     more careful review of the summons and complaint would
22   have revealed the conflicting addresses for plaintiff's
     counsel, reliance on the summons accompanying the
23   complaint was not unreasonable. Id. at *3. Furthermore,
     it was plaintiff who had provided the inconsistent
24   addresses. Additionally, as soon as the mistake was
     discovered, necessary steps were taken to cure the
25   problem and provide the written notice required. Id.
     The court observed that plaintiff's counsel filed a pro
26   hac vice motion just nine days after the notice of
     removal was filed and only sixteen days after the
27   defendants were served with the summons and complaint.
     Id.
28

14 - FINDINGS & RECOMMENDATION

Other courts have reached similar conclusions. E.g., Arnold v. CSX Hotels, Inc., 212 F. Supp. 2d 634 (S.D. W. Va. 2002) (motion to remand denied when original mailing of Notice of Removal to plaintiff's counsel was inexplicably never delivered, but plaintiff's counsel learned of removal seven days later when it received a copy of defendant's answer showing the action was pending in federal court and defendant's counsel promptly mailed another copy of the notice of removal upon learning of the problem), aff'd, 112 Fed. Appx. 890 (4th Cir. 2004); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246 (S.D.N.Y. 2000) (where the delay was relatively short and no action was taken by the state court between the time of removal and the giving of notice, the defect was harmless and created no basis for remand).

Green v. Praxis Partners, LLC, No. CV-07-301-HU, Findings & Rec. at pp. 7-8 (D. Or. May 11, 2007), adopted by Judge Brown (D. Or. July 2, 2007). I still find no applicable Ninth Circuit authority on this issue, other than the general concept that "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

The facts in the instant case are remarkably similar to those in the Alston case. Additionally, here, while plaintiff states that she has never been served a "Notice of Removal," she filed her first motion to remand on October 15, 2010, approximately two weeks after the Notice of Removal and other removal documents, were sent the second time. Moreover, three days before, on October 12, 2010, plaintiff filed, in this Court, a memorandum opposing defendant's motion to dismiss, showing that she was aware that the case was pending here.

The facts establish that defendant made a good faith effort to give notice to plaintiff. The facts further establish that plaintiff has suffered no prejudice as a result of any delay in receiving the Notice of Removal. Plaintiff's motion to remand

15 - FINDINGS & RECOMMENDATION

1    based on a delay in receiving notice should be denied.

2                          CONCLUSION

3        Plaintiff's motion to remand [14] should be denied.

4                       SCHEDULING ORDER

5        The Findings and Recommendation will be referred to a district

6    judge.   Objections, if any, are due March 15, 2011.   If no

7    objections are filed, then the Findings and Recommendation will go

8    under advisement on that date.

9        If objections are filed, then a response is due April 1, 2011.

10   When the response is due or filed, whichever date is earlier, the

11   Findings and Recommendation will go under advisement.

12       IT IS SO ORDERED.

13                  Dated this 25th  day of February, 2011.

14

15

16                        /s/ Dennis James Hubel
                          Dennis James Hubel
17                        United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

16 - FINDINGS & RECOMMENDATION