IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JUDY ANN PLACENCIA, | ) |
| | ) |
| Plaintiff, | ) No. CV-10-1130-HU |
| | ) |
| v. | ) |
| | ) |
| WORLD SAVINGS BANK, FSB, a/k/a | ) **FINDINGS AND RECOMMENDATION** |
| WELLS FARGO BANK, N.A., a/k/a | ) **ON MOTION TO DISMISS** |
| WACHOVIA MORTGAGE, f/k/a | ) |
| WACHOVIA MORTGAGE, FSB, | ) |
| | ) |
| Defendant. | ) |

Judy Ann Placencia
32620 S.W. Lake Point Court
P.O. Box 4187
Wilsonville, Oregon 97070

    Plaintiff *Pro Se*

Julie M. Engbloom
Pilar C. French
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

    Attorneys for Defendant

1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

The *pro se* plaintiff Judy Ann Placencia brings this action against the defendant World Savings Bank, now known as Wells Fargo Bank, challenging the nonjudicial foreclosure of real property. The defendant removed the action to this court from Clackamas County Circuit Court on the basis of diversity jurisdiction. The plaintiff filed a motion for remand that was denied by the court. *See* Dkt. #38.

The matter is now before the court on the defendant's motion to dismiss the complaint. Dkt. #3. For the reasons discussed below, I recommend that the motion be granted.

### *BACKGROUND*

The plaintiff filed this action in state court on August 17, 2010. Dkt. #1, Ex. 1. The full procedural history of the defendant's service with summons and complaint, and its removal of the case to this court, is set forth in my previous Findings and Recommendation on the plaintiff's motion for remand. *See* Dkt. #29.

In her complaint, the plaintiff alleges that she was the owner of real property located at 3620 S.W. Lake Point Court, Wilsonville, Oregon 97070. On June 8, 2007, the plaintiff executed a Promissory Note for $460,000, in favor of World Savings Bank, in exchange for a loan from World Savings Bank to the plaintiff. Under the terms of the Note, the plaintiff agreed to make principal and interest payments every month. *See* Dkt. #1-1, Complaint.

Also on June 8, 2007, the plaintiff executed a Deed of Trust in her residential property. *Id.*, pp. 19-31. The Deed of Trust was recorded in Clackamas County on June 21, 2007. It identifies

2 - FINDINGS & RECOMMENDATION

the plaintiff as the borrower and World Savings Bank, and its successors and assigns, as the lender. Wells Fargo Bank is the successor-in-interest to World Savings Bank. The Deed of Trust also identifies First American Title as Trustee. *Id.*

The plaintiff alleges that at the time she executed the Note and the Deed of Trust, she believed she was a "borrower," receiving a "Mortgage Loan" from a "lender," and based on these assumptions she agreed to pledge her home as collateral for the "Mortgage Loan." She believed the "Mortgage Loan" would establish a "payment schedule" based on the amount of the loan and the interest rate. Dkt. #1-1, Complaint, ¶ 5.

She contends it was never truthfully disclosed to her that this financial transaction, which she understood to be a "Mortgage Loan," actually was a collection of contracts, agreements, and two "instruments"; i.e., (1) the Note, which she describes as a "negotiable financial instrument," and (2) the Deed of Trust, which she describes as a "security instrument." *Id.*, ¶ 6. She asserts that the Deed of Trust may be assigned to other parties, "typically 'mortgage servicers' who may exercise those rights, including collecting payments." *Id.*

The plaintiff alleges she was never informed that the Deed of Trust was a "Trust as defined by section 303(7) of the Trust Indenture Act of 1939 [as amended through P.L. 111-72, approved October 13, 2009]." *Id.*, ¶ 7 (brackets in original). She states that at the time of closing on what she thought was a "Mortgage Loan," she unknowingly created a "Trust" when she executed the Deed of Trust, which was prepared by the lender. *Id.*, ¶ 8. She claims she was the creator and settlor/trustor of the Trust, and the Deed

3 - FINDINGS & RECOMMENDATION

of Trust names First American Title Insurance Company of Oregon as Trustee of the Trust, transfers her real property into the Trust, and names the lender as beneficiary. *Id.*

The plaintiff purports to quote the definition of "indenture" from the "Trust Indenture Act of 1939, section 303(7)," and then alleges that under this definition, the Deed of Trust is not a contract or an agreement, but is a trust indenture and must be executed and operated within the guidelines established for the execution of trusts. *Id.*, ¶ 10.

The plaintiff then contends that the lender purposefully misrepresented facts about the financial transaction, inducing induced her to create a negotiable financial instrument (the Note), and to create a Trust using documents prepared solely by the lender. *Id.*, ¶ 11. As a result, she contends, she unwittingly conveyed her real property into the Trust, giving First American as Trustee the fiduciary responsibility to manage the Trust for the benefit of the lender/beneficiary. *Id.* She asserts that at closing, the lender received from her as consideration a valuable negotiable instrument; induced her to create a Trust naming the lender as beneficiary and First American as Trustee; and convinced her to convey her home into the Trust. *Id.*, ¶ 12.

Based on these allegations, the plaintiff brings the following causes of action: (1) wrongful foreclosure; (2) fraudulent misrepresentation; (3) fraudulent concealment; and (4) quiet title. *Id.*, ¶¶ 25-45. In support of the wrongful foreclosure claim, the plaintiff contends the defendant is not the legal holder of the Note and "the security instrument, the Mortgage." *Id.*, ¶ 26. She contends the March 25, 2010, "Trustee's Notice of Default and

4 - FINDINGS & RECOMMENDATION

Election to Sell Under Terms of Trust Deed," is fraudulent and a legal nullity. *Id.*, ¶ 27. She further contends the defendant lacks standing to initiate and sustain a nonjudicial foreclosure and the August 19, 2010, foreclosure was based on fraudulent documents and is, therefore, wrongful. *Id.*, ¶¶ 28-29. She further contends she is entitled to punitive damages. *Id.*, ¶ 30.

In support of her fraudulent misrepresentation claim, the plaintiff alleges the written agreements between herself and the defendant required the defendant to deal with her fairly and in good faith and not take undue advantage of her inferior knowledge, skill, understanding, and experience in regard to this commercial transaction. *Id.*, ¶ 32. She claims the defendant fraudulently misled her into believing she was going to receive a "Mortgage Loan," and the defendant falsely represented the facts regarding the true nature of the transaction and the purpose of the associated documents. *Id.*, ¶ 33. She further contends that as a result of the defendant's intentional fraud, she has suffered damages, which she seeks to recover, and she also is entitled to punitive damages. *Id.*, ¶ 34.

As to the fraudulent concealment claim, the plaintiff contends the defendant purposely concealed the fact that the Note was a financial instrument that was negotiable and had value, and defendant purposefully hid the fact that the Note would be deposited and negotiated without any credit to the plaintiff's account. *Id.*, ¶ 36. She contends the defendant purposefully prepared the document and concealed the fact that the Deed of Trust established a Trust with the plaintiff as creator and Trustor, First American as Trustee, and the defendant as Beneficiary. *Id.*,

5 - FINDINGS & RECOMMENDATION

¶ 37. She alleges the defendant concealed "true facts" about the Note and the Deed of Trust to induce her to fraudulently convey her home to the Trust for the defendant's unjust gain, and with no consideration or compensation to the plaintiff. *Id.*, ¶ 38. Again, she alleges that she suffered damage and is entitled to punitive damages. *Id.*, ¶ 39.

Finally, in support of the quiet title claim, the plaintiff contends she is the owner of the real property at issue, and defendant is enforcing a wrongful foreclosure based on a fraudulent "Foreclosure Deed." She seeks to quiet title as of the June 24, 2005, Warranty Deed, under which she received title to the property. *Id.*, ¶¶ 42-44 & Ex. A. She seeks a judicial declaration that the title to the property is vested in her alone. *Id.*, ¶ 44.

The defendant moves to dismiss the entire Complaint for failure to state a claim for which relief may be granted. Dkt. #3 & #4.

### ***STANDARD OF REVIEW***

Chief Judge Aiken of this court recently set forth the standard for the court's consideration of a motion to dismiss in *Gambee v. Cornelius*, No. 10-CV-6265-AA, 2011 WL 1311782 (D. Or. Apr. 1, 2011) (Aiken, C.J.). Judge Aiken observed:

> Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

6 - FINDINGS & RECOMMENDATION

> 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563[, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall*, 629 F.3d at 998.

*Id.* at *2.

A motion to dismiss under Rule 12(b)(6) will be granted if the plaintiff alleges the "grounds" of her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

### *DISCUSSION*

### *Judicial Notice of Additional Facts*

Defendant asks the Court to take judicial notice of three documents: (1) Appointment of Successor Trustee, dated March 15, 2010; (2) Trustee's Notice of Default and Election to Sell Under Terms of Trust Deed, dated March 23, 2010; and (3) Recording Cover Sheet for Notice of Sale Proof of Compliance, recorded on August 3, 2010, and accompanying documents. The documents are attached as

7 - FINDINGS & RECOMMENDATION

exhibits to the September 24, 2010, Declaration of Pilar French, submitted in support of defendant's Request for Judicial Notice. Dkt. #6.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. A judicially noticed fact

> must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). The court may take judicial notice whether requested or not, but it must take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(c), (d).

The court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (court may consider judicially noticed documents on Rule 12(b)(6) motion); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings[.]").

In 2007, the Supreme Court explained that in ruling on a Rule 12(b)(6) motion to dismiss, the may consider "other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007).

8 - FINDINGS & RECOMMENDATION

All of the documents submitted by the defendant are appropriate for judicial notice because they are matters of public record and are publically available. Additionally, the plaintiff expressly refers to the March 25, 2010, Trustee's Notice of Default and Election to Sell Under Terms of Trust Deed, at paragraph 23 of her Complaint. The plaintiff has offered no opposition to the defendant's request that the court take judicial notice of the relevant documents. I therefore grant the defendant's motion to take judicial notice of the documents submitted with the French declaration (Dkt. #6).

The documents submitted by the defendant show the following additional facts. Since the time of the original loan, World Savings Bank was acquired by Wachovia Mortgage, which itself was acquired by Wells Fargo. Wells Fargo, N.A. is the successor by merger to Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as Wells Fargo Bank, FSB. Dkt. #6, French Declr. Ex. 1, p. 1.

On or about March 15, 2010, the defendant appointed Nancy K. Cary to serve as successor trustee for the Trust Deed. On March 25, 2010, the Appointment of Successor Trustee was recorded in Clackamas County, under Recorder's No. 2010-018167. *Id.*

On or about March 23, 2010, the successor trustee executed a Notice of Default and Election to Sell the Property. *Id.*, Ex. 2. The Notice of Default indicated, *inter alia*, that the plaintiff had been in default on the loan since January 2009, having failed to make monthly payments of $1,983.18, beginning January 2009, through March 2010. *Id.*

9 - FINDINGS & RECOMMENDATION

On August 3, 2010, the successor trustee recorded in the Clackamas County Recorder's Office, under Recorder's No. 2010-046474, a number of documents including an "Affidavit of Compliance with Oregon SB 628." *Id.*, Ex. 3, pp. 13-14. The affidavit states the plaintiff did not respond to the defendant's attempt to offer a loan modification. *Id.* Also with this filing, the successor trustee recorded the requested proofs of service and notices required by Oregon Revised Statutes sections 86.737-86.750. *Id.* The foreclosure sale of the property was conducted on August 19, 2010. *Id.*

I now will turn to consideration of the defendant's motion to dismiss with regard to each of the plaintiff's claims for relief.

### *Wrongful Foreclosure*

The heart of the plaintiff's wrongful foreclosure claim appears to be that the defendant lacks standing to initiate and sustain a nonjudicial foreclosure, and the August 19, 2010, foreclosure was based on fraudulent documents. The documentary evidence shows, however, that under Oregon's Trust Deed Act, the defendant was permitted to undertake the foreclosure in the manner it did, as outlined in the documents executed by the plaintiff. Further, as explained below, because the plaintiff's fraud-based claims fail to state a claim, she cannot predicate the wrongful foreclosure claim on a claim of fraud.

A "trust deed" is a "deed executed in conformity with ORS 86.705 to 86.795, [which] convey[s] an interest in real property to a trustee in trust to secure the performance of an obligation owed by the grantor or other person named in the deed to a beneficiary."

10 - FINDINGS & RECOMMENDATION

Or. Rev. State. § 86.705(5). A "trustee" is a "person, other than the beneficiary, to whom an interest in real property is conveyed by a trust deed, or such person's successor in interest." Or. Rev. Stat. § 86.705(6). A "beneficiary" is "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(a)(d)." Or. Rev. Stat. § 86.705(1).

Under the Trust Deed Act:

> Transfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary. Where any transfer in trust of an interest in real property is made pursuant to the provisions of ORS 86.705 to 86.795 to secure the performance of an obligation, a power of sale is conferred upon the trustee. The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed, executed in conformity with ORS 86.705 to 86.795, may be foreclosed by advertisement and sale in the manner provided in ORS 86.705 to 86.795, or, at the option of the beneficiary, may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property.

Or. Rev. Stat. § 86.710.

Thus, the Trust Deed Act allows the defendant to foreclose through the mechanism of a trust deed because upon breach of the obligation secured by the deed, the beneficiary may choose between either a judicial or nonjudicial foreclosure. The Trust Deed Act specifically authorizes the creation of a trust for the purpose of obligating the grantor/plaintiff to perform the terms of her loan, including making monthly payments.

11 - FINDINGS & RECOMMENDATION

In the Trust Deed at issue in this case, the plaintiff expressly agreed to the creation of a trust for the purpose of securing her obligations in the Note:

> I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to
>
> (i) pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of the Lender[.]

Dkt. #1-1, Complaint, Ex. B, p. 2.

Additionally, the plaintiff agreed that she had the right to grant a security interest in the property and she promised to pay all principal and interest due under the Note. *Id.*, pp. 2-3. Finally, the Trust Deed provided that the lender was empowered to exercise the power of sale if the plaintiff failed to make her payments or otherwise breached her obligations. *Id.*, p. 9.

The plaintiff's initials appear on every one of the twelve pages of the Trust Deed, except for page eleven where her entire signature appears instead of her initials. *See* Dkt. #1-1, Ex. B.

Other than her argument that the transaction was based on fraudulent documents, addressed below, the plaintiff fails to articulate facts showing any basis for her wrongful foreclosure

12 - FINDINGS & RECOMMENDATION

claim. The Trust Deed document she attaches to her Complaint shows that she granted a security interest in the property as collateral for the Note under Oregon's Trust Deed Act. Under the relevant statutes, the defendant had the right to sell the property in a nonjudicial foreclosure, upon the plaintiff's failure to make the payments she was obligated to make. The plaintiff makes no allegation that the defendant failed to follow the proper procedures or in any way failed to comply with the law regulating nonjudicial foreclosures. I recommend that the defendant's motion to dismiss the wrongful foreclosure claim be granted.

***Fraudulent Misrepresentation***

The gravamen of this claim is that the defendant misrepresented to the plaintiff the import of the documents she signed at the time of closing on the loan. She contends the defendant failed to inform her that the Trust Deed created a trust in which she granted the property for the purpose of securing her performance on the Note. The defendant argues this claim is time-barred, fails to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b), and in any event, is inconsistent with the facts as demonstrated by the actual loan documents. I agree with the defendant.

A fraud claim must be commenced within two years from the discovery of the fraud or deceit. Or. Rev. Stat. § 12.110. A plaintiff "discovers" fraud when the plaintiff knew or should have known about it. *Bell v. Benjamin*, 232 Or. App. 481, 485-86, 222 P.3d 741, 743-44 (2009). The "knew or should have known" analysis has two steps: (1) it must appear that the plaintiff had sufficient

13 - FINDINGS & RECOMMENDATION

knowledge "to excite attention and put a party upon [] guard or call for an inquiry[]"; and (2) if the plaintiff had such knowledge, "it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id.*, 232 Or. App. at 486, 222 P.3d at 744 (internal quotation omitted). Although typically a question for the jury, when only one conclusion reasonably can be drawn, the issue is for the court. *Id.*

In *Bell*, the plaintiff argued that the defendants defrauded him in the sale of his home when they failed to pay him a certain amount of money upon the closing of the sale. The court found the plaintiff's claim was time-barred because, as a matter of law, the plaintiff was aware at the closing that he did not receive the promised funds, which should have been enough to "excite" his attention, and his suit was filed more than two years after the closing date. *Id.*

In the present case, the facts as alleged in the Complaint, along with the relevant documents, show that the plaintiff's claim is time-barred because a jury could reach only one conclusion regarding the events. Although the plaintiff contends the defendant concealed from her that the Trust Deed created a trust and conveyed the property into a trust, the Trust Deed bears the plaintiff's initials on every page, as well as her signature on page eleven. She also signed the Note. She reviewed and signed the loan documents that expressly specified the creation of a trust and the conveyance of the property into the trust on June 8, 2007.

The court does not credit as true the plaintiff's conclusory allegations regarding the nature of the documents and their alleged effect. The documents speak for themselves and clearly create a

14 - FINDINGS & RECOMMENDATION

uniform transaction commonly entered into by home buyers. The plaintiff's signature on the documents, while not proof that she actually read them, shows that she was presented with the documents on June 8, 2007. The act of signing those documents should have been enough to "excite" her attention, or cause her to read the documents and inquire about the legitimacy of the documents and their meaning. Moreover, there are no facts suggesting the plaintiff could not have conducted a "reasonably diligent" inquiry at that time into what she alleges was fraudulent conduct by the defendant.

The facts as alleged in the Complaint and the accompanying documents show that only one reasonable conclusion can be made regarding the "knew or should have known" inquiry; i.e., the plaintiff knew or should have known on June 8, 2007, of the alleged fraud. Thus, the fraudulent misrepresentation claim filed in this case on August 17, 2010, is untimely.

Even if the claim were timely, I agree with the defendant that the plaintiff's claim should be dismissed. Again, the heart of this claim is that the defendant allegedly misled the plaintiff about the fact that the Trust Deed created a trust in which the plaintiff pledged the property to secure the performance of her obligations under the Note. But the alleged "misrepresentation" is belied by the very documents the plaintiff signed. As described above, the Trust Deed explicitly informed her that the property would be put in a trust. The Trust Deed is entitled "DEED OF TRUST" and states in bold and uppercase letters at the very top of the first page that it is a "DEED OF TRUST" which "secures a note." Dkt. #1-1, Ex. B. It defines the Deed of Trust as a "Security

15 - FINDINGS & RECOMMENDATION

Instrument." *Id.* It identifies the plaintiff as the borrower/trustor, the defendant's predecessor as the lender/beneficiary, and First America as the trustee. *Id.* It expressly states that the note signed by the plaintiff on the same date as the Deed of Trust shows that the plaintiff owed the defendant an original principal amount of $460,000, plus accrued and deferred interest, and she promised to pay the debt in regularly scheduled, periodic payments as provided in the Note and in full by June 15, 2037. *Id.*

The plaintiff expressly granted the property to the Trustee, in trust for the defendant, with a power of sale. *Id.*, p. 2. She also expressly agreed to the defendant's right to appoint a successor trustee of the property. *Id.*, p. 9.

The plaintiff does not allege that she did not read the loan documents, including the Trust Deed. But even if she did, she cannot avoid enforcement of the contractual obligations by claiming a failure to read the contract. *See, e.g., Knappenberger v. Cascade Ins. Co.*, 259 Or. 392, 398, 487 P.2d 80, 83 (1971) (party bound by terms of insurance policy purchased by him even though he was unaware of those terms because he failed to read the policy); *DiTommasso Realty, Inc. v. Moak Motorcycles, Inc.*, 96 Or. App. 431, 434, 773 P.2d 391, 392 (1989) (liquidated damages clause in listing agreement enforceable even if defendant did not read the agreement). Additionally, any failure by the plaintiff to understand the terms in the documents does not make the use of those terms by defendant fraudulent. *See Knappenberger*, 259 Or. at 398, 487 P.2d at 83.

16 - FINDINGS & RECOMMENDATION

The facts alleged in the Complaint, along with Exhibits B and C to the Complaint, fail to allege a plausible claim for fraudulent misrepresentation. I recommend that this claim be dismissed.[*]

### *Fraudulent Concealment*

In this claim, rather than alleging the defendant affirmatively misrepresented the nature of the loan and Trust Deed documents, the plaintiff contends the defendant purposefully concealed information about the Note and the Trust Deed. The discussion above in connection with the fraudulent misrepresentation claim is equally applicable here. The claim is time-barred because the plaintiff either knew or should have known of any alleged fraud claim based on concealment at the time of closing. Additionally, given that the documents the plaintiff signed at closing state exactly what they are and what they do, she fails to state a claim for fraudulent concealment. Rather than "concealing" their nature, the documents clearly "reveal" what they are. I recommend that this claim be dismissed.

### *Quiet Title*

The plaintiff's quiet title claim is based on her theory that the defendant did not have the right to nonjudicially foreclose on her property because of the defendant's fraudulent conduct. Based on the facts in the Complaint, the exhibits to the Complaint, and the documents I have judicially noticed, this claim has no merit.

---

[*]Given my recommendation, I find it unnecessary to address defendant's Rule 9(b) argument.

17 - FINDINGS & RECOMMENDATION

For all the reasons set forth above, this claim should be dismissed.

### *CONCLUSION*

In summary, the plaintiff's Complaint, when considered with the exhibits to the Complaint and the documents submitted by the defendant, fails to meet the standards articulated in *Twombly* and in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In addressing these two cases, the Ninth Circuit has explained that "for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations in the plaintiff's Complaint do not meet that standard. I see no path by which the complaint could be amended successfully. I therefore recommend the defendant's motion to dismiss, Dkt. #3, be granted, and the plaintiff's claims be dismissed with prejudice.

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due by **May 31, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due by **June 17, 2011.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 12th day of May, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

19 - FINDINGS & RECOMMENDATION